IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RENE GARNICA and NANCY GARNICA CRUZ, § § § | |
| Plaintiffs, § § | |
| V. § | CIVIL ACTION NO. H-13-2331 |
| § | |
| ARGENT MORTGAGE COMPANY, LLC; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Securitized Trust Argent Securities Inc. Asset-Backed Pass-Through Certificates Series 2004-W6 Trust; AMERIQUEST MORTGAGE COMPANY, INC.; ARGENT SECURITIES, INC.; DOES 1 THROUGH 100, § § § § § § § § § § § | |
| Defendants. § | |

### MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' MOTIONS TO DISMISS

Pending in this case that has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) is Defendant Deutsche Bank National Trust Company's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 6) and Defendants Argent Mortgage Company, LLC, Agent Securities, Inc. and Ameriquest Mortgage Company, Inc.'s Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 10). Having considered the Motions to Dismiss, Plaintiff's Responses in opposition (Document Nos. 8 & 14), Defendants' Replies (Document Nos. 9 & 13), the allegations in Plaintiffs' current pleading (Document No.1-1 at 7-61), and the applicable law, including, in particular, *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013), the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Defendants' Motions to Dismiss (Document No. 6 & 10) both be

GRANTED, and that Plaintiff's claims against Defendants be DISMISSED pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim.

I.     **Background and Procedural History**

On August 1, 2013, Plaintiffs Rene Garnica and Nancy Garnica Cruz ("the Garnicas") initiated this suit in the 125th District Court of Harris County, Texas, Cause No. 2013-44906, complaining about a foreclosure on their property located at 4235 Park Ridge Drive, Pasadena, Texas, 77504 (hereafter referred to as the "Property"), and the subsequent sale of that Property. In the Petition they filed in state court, the Garnicas alleged claims against Defendants Argent Mortgage Company, LLC ("Argent"), Deutsche Bank National Trust Company as Trustee for Securitized Trust Argent Securities, Inc. Asset-Backed Pass-through Certificates Series 2004-W6 Trust ("Deutsche"), Ameriquest Mortgage Company, Inc. ("Ameriquest") and Argent Securities, Inc. ("Argent Securities"): (1) for "Lack of Standing to Foreclose; Declaratory Judgment;" (2) to "Quiet Title;" and (3) for "Rescission."   As relief they sought a temporary restraining order and a temporary injunction halting their scheduled eviction, as well as monetary damages.

Defendants timely removed the case to this Court on the basis of diversity jurisdiction, and promptly filed Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim (Document Nos. 6 & 10).  The Garnicas have filed responses to the Motions to Dismiss (Document Nos. 8, 13 and 14), to which Defendant Deutsche has filed a Reply (Document No. 9).

**II.     Standard of Review**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

**III.     Discussion – Plaintiff's Claims**

The Garnicas' current pleading is the Original Petition (Exhibit B-1 to Defendants' Notice of Removal (Document No. 1-1 at 7-61), they filed in state court prior to removal of this case. In that Petition, the Garnicas allege that they "entered into a consumer credit transaction with Argent by obtaining a $141,000 mortgage loan secured by [their] principal residence" with the note being "secured by a First Trust Deed on the Property in favor of Argent," that "the home was sold at foreclosure auction and subsequently transferred by Trustee's Deed to Deutsche by Document Number 2013-014474 of the Harris Co. Records," and that "[a]n eviction action was brought" against them and "a writ of possession was issued on April 30, 2013 and another on July 30, 2013." Petition at 7-8 (Document No. 1-1 at 13-14). The Garnicas then allege that Defendants "cannot show proper receipt, possession, transfer, negotiations, assignment and ownership of the borrower's original promissory note along the chain of securitization . . . resulting in imperfect security interests and claims," that "[e]ach and every assignment between the securitization parties was fraudulent, signed or endorsed by a person without capacity to do so, or never took place at all," that Defendants "cannot and could not establish possession and proper transfer and/or endorsement or assignment of the deed of trust," and that "none of the Defendants have or had perfected any claim of title or security interest in the Property when the home was sold at foreclosure auction and subsequently transferred by Trustee's Deed to Deutsche by Document Number 2013-014474 of the Harris County Records." Petition at 7-8 (Document No. 1-1 at 13-14).

The Garnicas did not attach any of the loan or property documents to their Petition. In addition, while Defendants mention that they have included an assignment of Deed of Trust as Exhibit A-1 to their Motions to Dismiss, no such exhibit is attached to either Motions to Dismiss.

4

Nonetheless, the Garnicas, in response to the Motions to Dismiss, have included the relevant property documents, including: (1) a Deed of Trust, dated February 5, 2004, naming Rene Garnica as the borrower, and Argent Mortgage as the lender (Document Nos. 8-1 and 14-1); (2) a Deed of Trust, dated August 29, 2001, naming Rene Garnica as the borrower and Sterling Capital Mortgage Company as the lender (Document Nos. 8-2; 14-2); (3) an "Assignment of Deed of Trust," dated February 11, 2004, reflecting an assignment of the Deed of Trust at issue from Argent to Ameriquest, which assignment was filed in the Harris County Property Records on June 29, 2012 (Document Nos. 8-3; 14-3); an "Assignment of Deed of Trust," dated February 11, 2004, reflecting an assignment of the Deed of Trust from Ameriquest to Deutsche, which assignment was filed in the Harris County Property Records on June 29, 2012 (Document Nos. 8-4; 14-4); an Appointment of Substitute Trustee, dated December 5, 2012, and recorded in the Harris County Property Records on December 26, 2012 (Document Nos. 8-5; 14-5); a "Foreclosure Sale Deed," dated January 3, 2013, naming Deutsche as the current mortgagee, and Deutsche as the buyer of the Property at the foreclosure sale, and listing the amount of the sale as $160,021.24, with the Foreclosure Sale Deed having been recorded in the Harris County Property records on January 10, 2013 (Document Nos. 8-6; 14-6). The documents provided by the Garnicas with their responses to the Motions to Dismiss, because they are either public records or were referred to by the Garnicas in their Petition, can and will be considered in connection with Defendants' Motion to Dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 (5th Cir. 2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record"); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) ("The court's review is limited to the complaint, any documents attached to

the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.").

### A. Lack of Standing to Foreclose; Declaratory Judgment Claim

In support of their "Lack of Standing to Foreclose; Declaratory Judgment" claim, the Garnicas allege the Defendants did not have the right to foreclose on the Property, that none of the Defendants "is the holder of the note or the representative of the holder of the note . . . or the last person to have been assigned the deed of trust of record," and that "[t]here were no actual assignments or transfers of the note at any stage of the securitization chain of title." The Garnicas also allege that the assignment of the Deed of Trust from Argent to Ameriquest on February 11, 2004, "was fraudulent and illegal because the person (Tracy Phinizy) purporting to sign such document on behalf of Argent Mortgage Co., LLC had no capacity or agency authority to sign such document, had no personal knowledge of the information in the document, and/or was in fact an employee agent or person with a financial interest in the Assignee Ameriquest Mortgage Co., Inc. at the time of the assignment, even though he/she purported to be an employee of Argent Mortgage Co., LLC in the document. The assignment is void for these reasons, which constitute fraud." Petition at 9-10 (Document No. 1-1 at 15-16).

The allegations and factual bases set forth by the Garnicas in their pleading in support of their lack of standing/declaratory judgment claim have been rejected by the Fifth Circuit Court of Appeals in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013). In *Reinagel*, "mortgagors who defaulted on their note [sought] to enjoin a bank from foreclosing, contending that the assignments by which the bank obtained the note and corresponding deed of trust were 'robo-signed' and therefore invalid." *Id.* at 222. The Reinagels asserted several bases for seeking to

invalidate the assignment of their Note and Deed of Trust, including a challenge to the authority of the person who executed the assignment, a challenge to the authenticity of the signature on the assignment, and allegations that the assignment was contrary to the terms of the Pooling and Service Agreement that "governed Deutsche Bank's Series 2006-M1 mortgage pool." *Id.* at 226, 227, 228. In rejecting each basis for invalidating the assignment, the Fifth Circuit first made it clear that a non-party to an assignment does have standing to challenge the assignment on grounds that the assignment is void, but does not have standing to challenge the assignment on grounds that the assignment is voidable. *Id.* at 225 ("an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor," but "*may* defend 'on any ground which renders the assignment void.'"). The Fifth Circuit then concluded that the Reinagels' challenges to the authority of the person who executed the assignment, their challenge to the authenticity of the signature on the assignment, and their challenge to the assignment on the basis that it was contrary to the terms of the Pooling and Service Agreement were all grounds that made the assignment voidable, but not void. *Id.* at 226, 227, 228. That meant, for purposes of the Reinagels' standing to assert such challenges to the assignment, that the Reinagels could not, on those asserted bases, challenge the "facially valid " assignment of the Note and Deed of Trust. *Id.*

Here, the analysis and holding in *Reinagel* defeat the Garnicas lack of standing/declaratory judgment claim based on their allegations challenging the validity of the assignments, and their allegations challenging the authority of the person who signed the assignment. The Deed of Trust and Assignment documents submitted by Plaintiffs show facially valid assignments of the Deed of Trust from Argent to Ameriquest, and then from Ameriquest to Deutsche. (Document Nos. 8-3, 8-4,

7

14-3, 14-4).  While the assignments are dated the same day, and were filed in the Harris County Property Records on the same day, the Garnicas have not alleged how the assignments are void. And, because it is only circumstances that would render an assignment void, as opposed to voidable, that give borrowers standing to challenge assignments to which they were not parties, the Garnicas themselves have no standing to challenge the assignments of the Deed of Trust, and no standing to challenge the standing of Deutsche, the last assignee of the Deed of Trust, to foreclose on the Property.  As for the Garnicas' arguments in response to the Motions to Dismiss that the assignments are forgeries, such allegations are not contained in the Garnicas pleading and cannot be considered in determining whether the Garnicas have stated a claim.  *Cevallos v. Silva*, No. 13-50278, ___ F. App'x ___, 2013 WL 5340769 * 3 (5th Cir. Sept. 25, 2013).  Moreover, in a recent decision applying the *Reinagel* decision, the Fifth Circuit rejected a homeowner's forgery challenge to an assignment on the same basis as that at issue in *Reinagel*.  *Jimenez v. Deutsche Bank Nat'l Trust Co.*, No. 13-50403, ___ F. App'x ___, 2014 WL 241893 (5th Cir. 2014).  The forgery allegations in this case, notwithstanding the fact that they are not contained in the Garnicas' pleadings, are essentially the same as those in *Jimenez* and *Reinagel*.  Finally, with respect to the Garnicas' allegations and arguments that Defendants have no standing to foreclose because they do not have the Note, and have not shown that they are not the current holders of the Note, that argument ignores the holding in  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (rejecting both the "show-me-the-note" and the "split-the-note" theories for challenging a foreclosure), and ignores the fact that the assignments both purported to assign the Deed of Trust and the underlying Note. *See* Assignment from Argent to Ameriquest (Document Nos. 8-3 and 14-3) ("Argent Mortgage Company, LLC . . . does hereby transfer and assign, set over and deliver unto Ameriquest Mortgage

Company the above described note, together with the liens against said property securing the payment thereof, and all title held by the undersigned in and to said land."); Assignment from Ameriquest to Deutsche (Document Nos. 8-4 and 14-4) ("Ameriquest Mortgage Company . . . does hereby transfer and assign, set over and deliver unto Deutsche Bank National Trust Company as Indenture Trustee for Argent Securities, Inc. Asset-Backed Pass-Through Certificates Series 2004-W6 the above described note, together with the liens against said property securing the payment thereof, and all title held by the undersigned in and to said land.").

Based on their pleadings and the Deed of Trust and Assignment documents they have submitted, the Garnicas have not stated a claim for lack of standing/declaratory judgment within the meaning of *Twombly* and *Iqbal*.

### B. Quiet Title

In support of their quiet title claim, the Garnicas allege that Defendants claim or have claimed an interest in the Property that is adverse to them or wrongly claimed, that Defendants "are and were without and are without any right whatsoever, and defendants have no right, estate, title, lien power of sale or any interest of any kind in or to the property, or any part of the property," that Defendants' claims "constitute a cloud on plaintiff's title to the property," and that "none of the parties to neither the securitization transaction, nor any of the Defendants in this case, now or at anytime [sic], hold/held a perfected, legal and secured claim in the Property." Petition at 12-13 (Document No. 1-1 at 18-19).

"A suit to clear or quiet title-also known as suit to remove cloud from title-relies on the invalidity of the defendant's claim to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012). The cause of action, which is an equitable one

9

under Texas law, "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, review denied) (quoting *Thomson v. Locke*, 66 Tex. 383, 1 S.W. 112, 115 (1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat. Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507 at *7 (Tex. App.—Houston [1st Dist.] 2011). At its most basic, however, "the plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Id.*

Here, because the Deed of Trust and Assignment documents show a facially valid assignment of the Deed of Trust to Deutsche, and because the Garnicas cannot challenge the validity of that assignment on the allegations contained in their pleading, *see* supra, there are no allegations to support an essential element of their quiet title claim – that Defendants claim is invalid or unenforceable. As such, the Garnicas not have not, within the meaning of *Twombly* and *Iqbal*, stated a quiet title claim. *See e.g., Valdez v. SunTrust Mortgage, Inc.*, Civil Action No. H-13-3439, 2014 WL 109076 (S.D. Tex. Jan. 10, 2014) (granting Defendants' Motion to Dismiss Plaintiff's quiet title claim based on the facially valid assignment of the Deed of Trust).

    **C.    Rescission Claim**

In their "cause of action" for rescission, the Garnicas do not set forth any allegations in support of an independent claim. Instead, they allege that rescission is an appropriate remedy for their other claims. The Garnicas allege as follows:

> Plaintiff is entitled to rescind the loan and all accompanying loan documents for all of the foregoing reasons: 1) Lack of Standing to Foreclose/Wrongful Foreclosure; and 2) Quiet Title.
>
> The public interest would be prejudiced by permitting the alleged contract to stand; such action would regard [sic] an unscrupulous lender.

Petition at 13-14 (Document No. 1-1 at 19-20).

Under Texas law, rescission is a remedy, not a separate cause of action. *Scott v. Sebree,* 986 S.W.2d 364, 368 (Tex. App.-Austin 1999, pet. denied) ( "[R]escission is not a 'claim' or a legal cause of action but an equitable remedy used as a substitute for monetary damages when such damages are inadequate."). As such, and because the Garnicas have not stated a substantive claim for "lack of standing/declaratory judgment" or to quiet title, the Garnicas have also not stated a "claim" for rescission. The same is true for the injunctive relief sought by the Garnicas. *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D. Tex. 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App. 2008) ( Under Texas law, "[i]njunctive relief is simply a form of equitable remedy.").

**IV.    Discussion – Amendment**

Under FED. R. CIV. P. 15(a)(2) leave to amend should be freely given "when justice so requires." When a claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies. . . unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

Here, given the Fifth Circuit's ruling in *Reinagel* and *Martins* on the same type of allegations the Garnicas makes in this case, there is no reasonable likelihood that the Garnicas could amend their claims to overcome the legal deficiencies identified herein. Therefore, a amendment of the pleadings should not be allowed.

## V.   Conclusion and Recommendation

Based on the foregoing, and the determination that Plaintiffs Rene Garnica and Nancy Garnica Cruz have not, and cannot, state a claim against Defendants Argent, Deutsche, Ameriquest and Argent Securities for lack of standing/declaratory judgment, to quiet title, or for rescission, the Magistrate Judge

RECOMMENDS that Defendants' Motions to Dismiss (Document No. 6 & 10) be GRANTED and that Plaintiffs' claims against Defendants all be DISMISSED pursuant to Rule 12(b)(6) for failure to state a claim.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 3rd day of February, 2013.

Frances H. Stacy
United States Magistrate Judge