IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE GARNICA AND NANCY GARNICA CRUZ, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:13-cv-2331 |
| ARGENT MORTGAGE COMPANY, LLC, DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR SECURITIZED TRUST ARGENT SECURITIES INC. ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2004-W6 TRUST, AMERIQUEST MORTGAGE COMPANY, INC., ARGENT SECURITIES, INC., DOES 1 THROUGH 100, INCLUSIVE, AND ANY LAW ENFORCEMENT OFFICER CHARGED WITH A WRIT OF POSSESSION, | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MEMORANDUM AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS**

Defendant Deutsche Bank National Trust Company as Indenture Trustee for Argent Securities Inc. Asset-Backed Pass-Through Certificates Series 2004-W6 ("Defendant" or "Deutsche Bank") files this Response to Plaintiff's Objections to Memorandum and Recommendation Granting Defendants' Motion to Dismiss, and respectfully shows the Court as follows:

**SUMMARY**

1.      Plaintiffs' Objections to the Court's Memorandum and Recommendation Granting Defendant's Motions to Dismiss (the "Objections") includes arguments and facts not presented in their Original Petition. Plaintiffs' use of new allegations in their Objections is improper and their

arguments are without merit because they fail to demonstrate that their Original Petition states a claim upon which relief may be granted.

## ARGUMENT AND AUTHORITIES

### A. Plaintiffs failed to timely respond to the Memorandum and Recommendation granting Defendants' Motion to Dismiss.

2.   In the Memorandum and Recommendation Granting Defendants' Motion to Dismiss, Plaintiffs were given a fourteen (14) day deadline from the date they were served to object to file their written objections.  (*See Memo and Rec's* at p. 12.)  Plaintiffs were served by ECF Notification on February 3, 2014.  (*Id.*)  They did not file their Objections until February 19, 2014, sixteen (16) days later.  (*See Pls' Objections*).  Therefore, Plaintiffs' Objections were not timely filed and they waived their attack any factual findings or conclusions of law on appeal.  (*See Memo and Rec's* at p. 12.)  Defendant also objects to any consideration of the Objections by the Court as untimely filed.  Subject to this objection, without waiving the same, and to the extent that the Court wishes to consider Plaintiffs' Objections, Defendant Responds as follows.

### B. Plaintiffs' objections are based upon their attempt to change their theories alleged in their Original Petition.

3.   In their Objections, Plaintiffs attempt to change their theories alleged in their Original Petition.  For example, Plaintiffs object to the Court's determination that *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013), rejected their claims because their theory that that only a holder of the note may foreclose was not addressed in *Reinagel*.  (*See Pls' Objections* at ¶¶ 1, 5.)  However, Plaintiffs statement' misrepresents their theory alleged in their Original Petition.  There, they alleged that the only individual who has standing to foreclose is "either the holder of the note . . . ***or the last person to have been assigned the deed of trust of record.***"  (*See Pls' Orig. Pet.* at ¶14.) (emphasis added).   In her Memorandum and

Recommendation, Magistrate Judge Frances H. Stacey appropriately considered Plaintiffs' claims and limited its analysis under *Reinagel* to their allegations concerning the validity of the Assignments. (*See Memo and Rec's* at p. 6-8.) Magistrate Judge Stacey then considered the merits of Plaintiffs' allegations that Defendants cannot foreclose because they do not hold the Note under *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). (*See Id.* at p. 8.) Both cases are controlling precedent and were properly cited by Magistrate Stacey to support the dismissal of their claims.

4. Plaintiffs next allege that *Reinagel* did not prohibit their challenge to the assignments of their mortgage based on forgery. (*See Pls' Objections* at ¶1.) However, in their Original Petition Plaintiffs alleged that the assignments were void because the person signing the document lacked such authority. (*See Pls' Orig. Pet.* at ¶17.) Plaintiffs did not allege that the assignments were forged until they filed their Response to Defendant's Motion to Dismiss. (*See Pls' Orig. Pet.*, generally; *see also Pls' Response to Mot. to Dismiss* at ¶26.) Plaintiffs repeatedly object to Magistrate Judge Stacey's Memorandum and Recommendations based upon these same allegations of forgery which are not properly before the Court. (*See Pls' Objections* at ¶¶ 1, 2, 3, 4, 6, 9, 13, 14); *see also Ryan v. Whitehurst*, No. SA-07-CA-723-XR, 2008 U.S. Dist. LEXIS 35849 *17 n.31 (W.D. Tex. May 1, 2008) (plaintiff cannot assert new causes of action in a response to a motion to dismiss). Because these newly asserted allegations did not need to be addressed, Plaintiffs' objections are without merit and should be overruled.

    **C.**    **Plaintiffs' challenge to the assignments of their mortgage are identical to the challenge made in *Reinagel* and were properly dismissed.**

5. In *Reinagel*, the plaintiffs challenged the validity of the Assignments of their Deed of Trust based on allegations that the party executing the Assignments lacked authority. *Reinagel*, 735 F.3d at 226. Here, Plaintiffs allegations concerning the validity of the assignments

of their mortgage are also based upon their claim that they were executed by an agent who acted without proper authority. (*See Pl's Orig. Pet.* at ¶¶ 17-18). Plaintiffs' allegations, at best, could only render the assignment voidable at the election of the defrauded assignor, not Plaintiffs. *Reinagel*, at 735 F.3d at 228. Therefore, Plaintiffs have no standing to contest the assignments, and they failed to state a claim. Plaintiffs' attempts to distinguish *Reinagel* are based entirely upon their allegations of forgery which were not alleged in their Original Petition. (*See Pls' Objections* at ¶¶ 2, 3, 4, 6, 8, 9, 13, 14; *Pl's Orig. Pet.*) As explained above, these objections are without merit and should be overruled.

> **D.    Plaintiffs' objections concerning the assignments of the Note are without merit.**

6. Plaintiffs object to Magistrate Judge Stacey's holding that the recorded assignments acted to transfer the Note. (*See Pls' Objections* at ¶11.) However, this exact issue was also addressed by the Fifth Circuit in the *Reinagel* decision. There, the Fifth Circuit held that the transfer of the mortgage presumably transfers the Note. *Reinagel*, 735 F.3d at 225. In their Petition, Plaintiffs failed to rebut or otherwise address this presumption. (*See Pls' Orig. Pet.*) Accordingly, Plaintiffs' objection is without merit and must be overruled.

> **E.    Plaintiffs should not be granted leave to amend their complaint.**

7. It is clear that the amendments Plaintiffs seek to make to their Petition would be futile because their claims would still not survive a Motion to Dismiss. *See Hall v. Smith,* 497 Fed. Appx. 366, 375 (5th Cir. 2012). By making arguments which are not part of their Original Petition, it is obvious that Plaintiffs seek to amend their Petition in order to establish standing to contest the transfer of their Note and Deed of Trust by alleging that the Assignments were void. (*Pls' Objections* at ¶15.) In support of this claim, Plaintiffs allege that the Assignments were forged because they were altered after being executed and acknowledged. (*Id.* at ¶13.)

However, Plaintiffs fail to explain how this could possibly evidence any wrongdoing or demonstrate that the assignments are void. (*See Pls' Objections*, generally). Furthermore, Plaintiffs fail to cite any authority that would render an executed assignment void because of any markings made its face after it is executed. Therefore, it is clear that granting leave for Plaintiffs to amend their Petition would be futile and Plaintiffs' objection should be overruled.

**WHEREFORE, PREMISES CONSIDERED**, Deutsche Bank requests that the Court overrule Plaintiffs' objections, that the claims of Plaintiffs Rene Garnica and Nancy Garnica Cruz be dismissed with prejudice, that Plaintiffs not be granted leave to amend their pleadings, and Deutsche Bank prays for such other and further relief to which it is justly entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission # 21340
mcronenwett@mwzmlaw.com

**PHILIP W. DANAHER**
Texas Bar No. 24078395
Southern District Admission # 2023903
pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 (Fax)

**ATTORNEYS FOR DEUTSCHE BANK**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 5th day of March, 2013, a true and correct copy of the foregoing document was delivered via ECF Notification to the following:

Jeffrey C. Jackson
2200 N. Loop West, Suite 306
Houston, Texas 77018

>	*/s/ Mark D. Cronenwett*
>	**MARK D. CRONENWETT**