UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RENE GARNICA, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-2331 |
| | § | |
| ARGENT MORTGAGE COMPANY, LLC, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF DISMISSAL

Pending before the Court in the above referenced foreclosure action are (1) Defendant Deutsche Bank National Trust Company's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 6); (2) Defendants Argent Mortgage Company LLC, Argent Securities, Inc. and Ameriquest Mortgage Company, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 10); (3) United States Magistrate Judge Frances Stacy's Memorandum and Recommendation (M&R) (Doc. 18) that Defendants' motions be granted; (4) Plaintiffs Rene Garnica and Nancy Garnica Cruz's Objections to the M&R (Doc. 19); and Defendant Deutsche Bank's Response to Plaintiffs' Objections (Doc. 21). Plaintiffs also filed a response to Defendants' motions to dismiss (Docs. 14). For the reasons explained below, after conducting a *de novo* review of Plaintiffs' objections, the Court adopts the Magistrate Judge's M&R in full, overrules Plaintiffs' objections, and dismisses action.

## I.      Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district judge may designate a magistrate judge to submit proposed findings of facts and recommendations for the disposition of a motion to dismiss. Within fourteen days after being served with a copy of a magistrate judge's findings

and recommendation, any party may serve and file written objections to such proposed findings and recommendation. *Id.* § 636(b)(1)(C). Where no timely objections are filed, the district court reviews for plain error. The district court only has to review the memorandum and recommendation to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert denied*, 492 U.S. 918 (1989). When timely objections are made, the district court "shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Wilson*, 864 F.2d at 1221.

Magistrate Judge Stacy's M&R was entered on February 3, 2014. Plaintiffs filed their objections two days past the fourteen day deadline without any reason or excuse for the delay. Defendants object to the untimeliness of Plaintiff's objections. Doc. 21 ¶ 2. Nevertheless, because the Court finds that Defendants were not unduly prejudiced by the brief delay, the Court proceeds to consider Plaintiffs' objections.

## II.    Plaintiffs' Allegations

In April 2004, Plaintiffs obtained a mortgage loan in the amount of $141,000 from Argent Mortgage Company ("Argent") which was secured by a Deed of Trust on Plaintiffs' principal residence in favor of Argent. Original Pet. ¶ 13 (Doc. 1-1). Sometime thereafter, Plaintiffs' home was sold at foreclosure and subsequently transferred by Trustee's Deed to Deutsche Bank National Trust Company, Inc. ("Deutsche"). *Id.* ¶ 15. An eviction action was brought against Plaintiffs and a writ of possession issued on April 30, 2013 and another on July 30, 2013. *Id.* ¶ 17.

Plaintiffs filed the instant action on August 1, 2013 asserting claims for (1) lack of standing to foreclose/declaratory judgment; (2) declaratory relief; (3) quiet title; and (4)

rescission.  According to Plaintiffs, sometime prior to the foreclosure sale, Argent "attempted" to assign the power of sale under the Deed of Trust to Ameriquest Mortgage Company, Inc. ("Ameriquest").  *Id.* ¶ 16.  The assignment was "purportedly executed" on February 11, 2004. "[P]urportedly on the same day (February 11, 2004)," Ameriquest assigned the same Deed of Trust to Deutsche.  *Id.*  Plaintiffs allege that these two assignments were "fraudulent, signed or endorsed by a person without capacity to do so, or never took place at all."  Specifically, Plaintiffs complain that the assignment of the Deed of Trust from Argent to Ameriquest was fraudulent and illegal because the person purporting to sign such document (Tracy Phinizy) had no capacity or agency authority to sign such document on behalf of Argent, had no personal knowledge of such document, and/or was in fact an employee, agent, or person with a financial interest in the assignee, Ameriquest.  *Id.* ¶ 17.  Plaintiffs claim that Defendants "cannot establish possession and proper transfer and/or endorsement or assignment of the deed of trust herein; therefore, none of the Defendants have or had a perfected [sic] any claim of title or security interest in the property when the home was sold at foreclosure auction and subsequently transferred by Trustee's Deed to Deutsche…"  *Id.* ¶ 15.

### III.    Defendants' Motions to Dismiss

Defendants moved to dismiss on four grounds.  First, they argue that Plaintiffs lack standing to challenge the facially valid assignments based on the individual who signed them because Plaintiffs' were not parties to those agreements.  Second, they contend that Plaintiffs' claims are based on an erroneous legal assumption that Defendant Deutsche must prove itself to be the holder of the note prior to a non-judicial foreclosure sale because under Texas law, the right to recover on the note and the right to foreclose are severable and may be enforced separately.  *Id.* at 5.  Third, Defendants argue that Plaintiffs failed to state a claim to quiet title

because they do not make any allegations supporting the superiority of their own compared to that of Defendants.  Lastly, Defendants argue that Plaintiffs' claims for declaratory judgment or rescission fail because Plaintiffs have failed to state a substantive claim.  In their response to Defendants' motions to dismiss Plaintiffs raised two new theories to support their claims: (1) that Deustche has no authority to foreclose under the Deed of Trust and (2) that the assignments are forged.  Doc. 14 ¶¶ 28–29, 47.

## IV.   Magistrate's Memorandum and Recommendation

The Magistrate Judge concluded that the allegations and factual bases supporting Plaintiffs' lack of standing/declaratory claim were rejected by the Fifth Circuit in *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013) and *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).  These included their claims that Defendants do not have a right to foreclose because they did not perfect any claim of title or security interest in the Property and because they do not have the Note and have not shown that they are the current holders of the Note.  M&R at 7–8.

The Magistrate Judge interpreted *Reinagel* as holding that a non-party to an assignment does have standing to challenge the assignment as void, but not as voidable.  *See Reinagel*, 735 F.3d at 225 ("[A]n obligor cannot defend against an assignee's efforts  to enforce the obligations on the ground that merely renders the assignment voidable at the election of the assignor, but *may* defend 'on any ground which renders the assignment void.'").  In other words, plaintiffs only have standing to contest a void assignment, not a voidable assignment. She also concluded that the panel ruled that the Reinagels' challenge to the authority of the person who executed the assignment was a ground that made the assignment voidable, but not void.  *Id.* at 226–28. The Magistrate Judge found that because Plaintiffs challenged the assignments based on the

authority of the person who executed them, a ground which renders an assignment voidable but not void, they have no standing to challenge the validity of the assignments.  M&R at 7.

The Magistrate Judge interpreted *Martins* as rejecting both the "show-me-the-note" and the "split-the-note" theories for challenging a foreclosure.  Thus, she found that the Plaintiffs' lack of standing/declaratory judgment claim based on their allegations that Defendants are not in possession of the note fail under *Martins*.  *Id.* at 8–9.

The Magistrate Judge further ruled that Plaintiffs did not offer any allegations to support a claim of quiet title, and because they have not stated a substantive claim, Plaintiffs have not shown that they are entitled to a declaratory judgment or to the equitable remedy of rescission. *Id.* at 11.

In sum, the Magistrate Judge found that the assignments were facially valid and that Deutsche had the authority under Texas law to pursue the foreclosure.  Plaintiffs, who were not party to the assignments, have no standing to challenge the validity of the assignments and no standing to challenge the standing of Deutsche, the last assignee of the Deed of Trust, to foreclose on the Property.  *Id.* at 8.  The Magistrate Judge did not consider the allegations raised in Plaintiffs' response that the Defendant Deutsche did not have the authority to foreclose under the Deed of Trust or that the assignments were forgeries.  *Id.* ("[S]uch allegations are not contained in the Garnicas' pleading and cannot be considered in determining whether the Garnicas have stated a claim.").

## V.    Plaintiffs' Objections to Magistrate's Memorandum and Recommendation

Plaintiffs' principal objection is to the Magistrate Judge's determination that *Reinagel* and *Martins* rejected the allegations and factual bases that support their lack of standing/declaratory claim and her refusal to consider the new allegations offered in their

response to Defendants' motions to dismiss to support their claim.  Doc. 19.  Defendants argue in their response that these allegations are not properly before the Court, as a plaintiff cannot raise new allegations in a response to a motion to dismiss.  Doc. 21 ¶ 4.  While the Court agrees that Plaintiffs should not be able to rely on these new allegations in a response to a motion to dismiss, the Court nevertheless considers the allegations to show that allowing Plaintiffs to amend their complaint would be futile.

With regard to their first argument, Plaintiffs claim that "only a holder of a note can foreclose," and "[s]ince the Deed of Trust only names "Lender," which includes any "holder of the Note" as having the authority to foreclose, Plaintiffs have challenged the authority of Defendants to foreclose under the Deed of Trust."  Doc. 19 ¶¶ 1, 5.  In essence, Plaintiffs are making the same argument, using slightly different words, that Deutsche is not a holder of the Note.  Plaintiffs claim that this argument was not addressed by the Fifth Circuit in *Reinagel*.  *Id.* (citing *Colton v. U.S. Nat'l Bank Ass'n*, No. 3:12-CV-3584-D, 2013 WL 5903618, at *4 (N.D. Tex. Nov. 4, 2013) (holding that even though plaintiff lacked standing to contest the assignments of the note and deed of trust, he did have standing to challenge the defendants' authority to enforce the deed as he was a party thereto).

Although Plaintiffs would have standing to challenge a violation of the Deed of Trust, they cannot identify any provision of the Deed of Trust that has been violated.  The only provision to which Plaintiffs' cite is section 22—Acceleration; Remedies.  This provision clearly states, "[f]or purposes of this section, the term 'Lender' includes any holder of the Note who is entitled to receive payments under the note."  Deed of Trust ¶ 22 (Doc. 8-1).  The Court finds that this argument was sufficiently addressed by the Magistrate Judge's analysis and application of the *Martins* decision.  As stated in *Martins*, "[a] deed of trust 'gives the lender as well as the

beneficiary the right to invoke the power of sale,' even though it would not be possible for both to hold the note."  The lender or mortgage servicer can foreclose under a deed of trust and is not required to produce evidence that it is a holder of the note.  *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).  Both assignments in this case purported to assign the Deed of Trust and the underlying Note.  *See* Assignment from Argent to Ameriquest and Assignment from Ameriquest to Deutsche (Doc. Nos. 8-3 and 8-4).  Therefore, Deutsche, as a holder of the Note, has the authority to foreclose.

With regard to their next argument, Plaintiffs allege that the assignments were forged based on the handwritten addition of the recording date after the date of execution.  Doc. 19 ¶ 1 ("The forgery is apparent on the face of the assignments, as the documents  were executed and acknowledged on February 11, 2004, but altered at some later date to include a February 26, 2004 recording date for the Deed of Trust.").  Since a finding of forgery would render the deeds void, rather than merely voidable, Plaintiffs claim that they now have standing to challenge the the validity of the assignments.  *Id.* ¶ 2.

At common law, forgery was defined as "the making or altering of a written instrument purporting to be the act of another."  *Reingal*, 735 F.3d at 227 n.22 (citing *Nobles v. Marcus*, 533 S.W.2d 923, 925–26 (Tex. 1976)).   In light of this definition, the Texas Supreme Court has held that "one who signs his true name, and does not represent himself to be someone else of the same name, does not commit a forgery because his act does not purport to be the act of another." *Nobles*, 533 S.W.2d at 926.  Plaintiffs' allegation that the assignments were "altered at some late date to include a…recording date" does not constitute forgery under this definition.  Further, Plaintiffs fail to explain how such an alteration could evidence any wrongdoing or cite any authority that would render an executed assignment void because of any markings or notations

made to its face after its execution.  This conclusory assertion that the assignments are forgeries without supporting facts or law is speculative and insufficient to state a claim under Rule 12(b)(6).  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Bell. Atl. Corp. v. Twombly*, 500 U.S. 544, 555 (2007)).  Plaintiffs do not state a legal claim for forgery and their claim for lack of standing to foreclose/declaratory judgment must be dismissed.

Plaintiffs assert an additional objection to the Magistrate Judge's finding that they should not be allowed to amend their complaint as there is no reasonable likelihood that amending would allow them to overcome the legal deficiencies identified in the M&R.  Doc 19 ¶ 15.  The Court has now carefully considered both of Plaintiffs' new theories supporting their claims and agrees with the Magistrate Judge that Plaintiffs' cannot state a valid claim and amendment would be futile.  This objection is overruled.

Lastly, Plaintiffs assert two objections to the Magistrate Judge's citations to unpublished cases.  The first case, *Cevallos v. Silva*, No. 13-50278, 541 Fed. Appx. 390, 393–94 (5th Cir. Sept. 25, 2013), was cited for the simple proposition that Plaintiffs' new allegations not contained in their pleading should not be considered in determining whether or not they have stated a valid claim.  As the Court considered Plaintiffs' new allegations of lack of authority to foreclose under the Deed of Trust and forgery of the assignment, this objection is moot.  The second unpublished case, *Jimenez v. Deutsche Bank Nat'l Trust Co.*, was cited as an example of a recent decision where the Fifth Circuit rejected a homeowners' forgery challenge to an assignment on the same basis as that issue in *Reinagel*.  Plaintiffs complain that *Jimenez* did not state the basis for the allegation of forgery and the allegations of forgery in *Reinagel* were based on a scanned signature, which are distinct from the allegations of forgery made here.  Because the Court has considered Plaintiffs' forgery allegations without reference to *Jimenez* or *Reinagel*

and concluded that they fail to state a claim, this objection is also moot.

Accordingly, it is hereby

**ORDERED** that Defendant Deutsche Bank National Trust Company's Motion to Dismiss (Doc. 6) and Defendants Argent Mortgage Company LLC, Argent Securities, Inc. and Ameriquest Mortgage Company, Inc.'s Motion to Dismiss (Doc. 10) are **GRANTED** and all of Plaintiffs Rene and Nancy Garnica's claims are **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6).

SIGNED at Houston, Texas, this 27th day of March, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE